KILPATRICK TOWNSEND & STOCKTON LLP
STEVEN D. MOORE (Bar No. 290875)
smoore@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

KRISTOPHER L. REED (State Bar No. 235518)
kreed@kilpatricktownsend.com
Suite 600, 1400 Wewatta Street
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321

RICHARD W. GOLDSTUCKER (admitted *pro hac vice*)
rgoldstucker@kilpatricktownsend.com
1100 Peachtree St. NE, Ste. 2800
Atlanta, GA 30309
Telephone: (404) 815-6073
Facsimile: (404) 815-6555

Attorneys for Defendants
MOTOROLA MOBILITY LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SEMICONDUCTOR ENERGY LABORATORY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> BOE TECHNOLOGY GROUP CO., LTD. et al, <br><br> Defendants. | Case No. 3:20-cv-04297-EMC <br><br> **MOTOROLA MOBILITY LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant Motorola Mobility LLC ("Motorola") hereby submits its Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Semiconductor Energy Laboratory Co., Ltd.'s ("SEL") Complaint for Patent Infringement (Dkt. No. 1).

# I.

# ANSWER

# INTRODUCTION

1.    Motorola lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and on that basis denies the same.

2.    Motorola lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and on that basis denies the same.

3.    Motorola lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and on that basis denies the same.

4.    Motorola admits that SEL in this action asserts U.S. Patent Nos. 7,372,199 ("the '199 patent"), 8,618,732 ("the '732 patent"), 9,208,717 ("the '717 patent"), and 9,825,059 ("the '059 patent."). Any other allegations in Paragraph 4 of the Complaint are denied.

# THE PARTIES

5.    Motorola lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and on that basis denies the same.

6.    Motorola lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and on that basis denies the same.

7.    Motorola lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and on that basis denies the same.

8.    Motorola admits that it is incorporated and Delaware and is wholly owned by Lenovo Group Ltd., with its principal place of business located at 222 W. Merchandise Mart Plaza, Suite 1800, Chicago, Illinois 60654. Any other allegations in Paragraph 8 of the Complaint are denied.

# [ALLEGED] JURISDICTION AND VENUE

9.    Paragraph 9 alleges a legal conclusion to which no answer is required.

10.    To the extent that any allegations are based on the actions or status BOE Technology Group Co. LTD. or BOE Technology America, Inc., Motorola lacks sufficient

knowledge or information to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and on that basis denies the same.  Motorola admits that it is located in the Northern District of California and has availed itself of the privilege of conducting activities in California and this judicial district.  Motorola admits that it directly or indirectly through intermediaries (including distributors, retailers, and others), ships distributes, offers for sale, sells, and advertises products in the United States, the State of California, and the Northern District of California.  Motorola denies that it has sold any infringing products and denies that it has committed acts of patent infringement in the United States or within the Northern District of California.  Any other allegations in Paragraph 10 of the Complaint are denied.

11. Motorola lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and on that basis denies the same.

12. Paragraph 12 alleges a legal conclusion as to personal jurisdiction to which no answer is required.  To the extent an answer is required, Motorola admits that it maintains offices within this District, including its office in San Jose, California, and that Lenovo (United States) Inc. has a lab in San Jose, California.  Any other allegations in Paragraph 12 of the Complaint are denied.

13. The first sentence of Paragraph 13 alleges a legal conclusion as to personal jurisdiction to which no answer is required.  Any other allegations in Paragraph 13 of the Complaint are denied.

14. As to allegations directed at BOE or BOE's conduct, Motorola lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and on that basis denies the same.  Any other allegations in Paragraph 14 of the Complaint are denied.

15. Motorola denies that the razr smartphone infringes.  Motorola admits that it offers to sell phones though its website.  Motorola admits that it provides service and warranty repair within California, and this District, including third-party Authorized Motorola Repair Centers.  As to allegations directed to Verizon, Motorola lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and on that basis denies

MOTOROLA MOBILITY LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT                - 3 -

1  the same. Any other allegations in Paragraph 15 of the Complaint are denied.

2      16.    Motorola lacks sufficient knowledge or information to form a belief as to the truth

3  of the allegations of Paragraph 16 of the Complaint and on that basis denies the same.

4      17.    Denied.

5      18.    Denied.

6      19.    Paragraph 19 alleges a legal conclusion as to alleged proper venue to which no

7  answer is required. By way of further response, Motorola denies that it has committed acts of

8  infringement in this District. As to allegations directed to BOE, Motorola lacks sufficient

9  knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 of the

10  Complaint and on that basis denies the same. Any other allegations in Paragraph 19 of the

11  Complaint are denied.

## SEL'S [ALLEGED] PATENTED TECHNOLOGY

13      20.    Motorola lacks sufficient knowledge or information to form a belief as to the truth

14  of the allegations of Paragraph 20 of the Complaint and on that basis denies the same. By way of

15  further response, Motorola states that the Asserted Patents speak for themselves.

16      21.    Motorola lacks sufficient knowledge or information to form a belief as to the truth

17  of the allegations of Paragraph 21 of the Complaint and on that basis denies the same. By way of

18  further response, Motorola states that the Asserted Patents speak for themselves.

19      22.    Motorola lacks sufficient knowledge or information to form a belief as to the truth

20  of the allegations of Paragraph 22 of the Complaint and on that basis denies the same. By way of

21  further response, Motorola states that the Asserted Patents speak for themselves.

22      23.    Motorola lacks sufficient knowledge or information to form a belief as to the truth

23  of the allegations of Paragraph 23 of the Complaint and on that basis denies the same. By way of

24  further response, Motorola states that the Asserted Patents speak for themselves.

25      24.    Motorola lacks sufficient knowledge or information to form a belief as to the truth

26  of the allegations of Paragraph 24 of the Complaint and on that basis denies the same. By way of

27  further response, Motorola states that the Asserted Patents speak for themselves.

## DEFENDANTS' [ALLEGED] USE OF SEL'S INNOVATIONS

1     25.    Motorola lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and on that basis denies the same.

    26.    Motorola denies that the razr phone infringes.  As to the annotated pictures that purportedly shown components of Motorola razr and Nubia Z20 phones, Motorola lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and on that basis denies the same.  Any other allegations in Paragraph 26 of the Complaint are denied.

    27.    Motorola lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and on that basis denies the same.

    28.    Motorola admits that the quoted language appears in the website linked in Paragraph 28.  Any other allegations in Paragraph 28 of the Complaint are denied.

    29.    Motorola BOE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and on that basis denies the same.

    30.    Denied.

## [ALLEGED] LICENSING NEGOTIATIONS AND NOTICE OF THE ASSERTED PATENTS

    31.    Denied.

    32.    Motorola lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and on that basis denies the same.

    33.    Motorola lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint and on that basis denies the same.

    34.    Motorola lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint and on that basis denies the same.

    35.    Motorola admits that it received a letter from SEL dated June 22, 2020 that included certain incorrect arguments relating to the Asserted Patents. Any other allegations in Paragraph 35 of the Complaint are denied.

    36.    Denied.

# FIRST CAUSE OF ACTION

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,372,199

37. Motorola incorporates by reference its responses to the preceding paragraphs of the Complaint.

38. Motorola admits that the '199 patent is entitled "Light emitting device and image playback device having triplet and singlet compounds in electroluminescent layer." Motorola lacks sufficient knowledge or information to form a belief as to the truth of any other allegations of Paragraph 38 of the Complaint and on that basis denies the same.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

# SECOND CAUSE OF ACTION

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,618,732

47. Motorola incorporates by reference its responses to the preceding paragraphs of the Complaint.

48. Motorola admits that the '732 patent is entitled "Display device and method of fabricating the display device." Motorola lacks sufficient knowledge or information to form a belief as to the truth of any other allegations of Paragraph 48 of the Complaint and on that basis denies the same.

49. Denied

50. Denied.

51. Denied.

52. Denied.

1    53.    Denied.

2    54.    Denied.

3    55.    Denied.

4    56.    Denied.

## THIRD CAUSE OF ACTION

### [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,208,717

7    57.    Motorola incorporates by reference its responses to the preceding paragraphs of the Complaint.

9    58.    Motorola admits that the '717 patent is entitled "Semiconductor device and driving method thereof." Motorola lacks sufficient knowledge or information to form a belief as to the truth of any other allegations of Paragraph 58 of the Complaint and on that basis denies the same.

12    59.    Denied

13    60.    Denied.

14    61.    Denied.

15    62.    Denied.

16    63.    Denied.

17    64.    Denied.

18    65.    Denied.

19    66.    Denied.

## FOURTH CAUSE OF ACTION

### [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,825,059

22    67.    Motorola incorporates by reference its responses to the preceding paragraphs of the Complaint.

24    68.    Motorola admits that the '059 patent is entitled "Semiconductor device and display device." Motorola lacks sufficient knowledge or information to form a belief as to the truth of any other allegations of Paragraph 68 of the Complaint and on that basis denies the same.

27    69.    Denied.

28    70.    Denied.

1   71.   Denied.

2   72.   Denied.

3   73.   Denied.

4   74.   Denied.

5   75.   Denied.

6   76.   Denied.

## DEMAND FOR JURY TRIAL

77.   Motorola admits that SEL has demanded a trial by jury on all claims and issues so triable.  Motorola demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

78.   Motorola denies that SEL is entitled to any of the relief south in its prayer for relief.

   a.   Motorola denies direct infringement of the Asserted Patents;

   b.   Motorola denies induced infringement of the Asserted Patents;

   c.   Motorola denies contributory infringement of the Asserted Patents;

   d.   Motorola denies willful infringement of the Asserted Patents;

   e.   Motorola denies that SEL is entitled to any damages, including compensatory damages, interest, costs, or any other type of damages or relief;

   f.   Motorola denies that SEL is entitled to an ongoing royalty for alleged post-verdict infringement, and denies that SEL is entitled to a permanent injunction;

   g.   Motorola denies that SEL is entitled to an award of any other damages under 35 U.S.C. § 284, including increased damages up to three times the alleged compensatory damages;

   h.   Motorola denies that SEL is entitled to a finding that the case is exceptional in SEL's favor, and denies that SEL is entitled to its costs, expenses, and reasonable attorneys' fees incurred in this action under 35 U.S.C. § 285; and

   i.   Motorola denies that SEL is entitled to any other relief, including other

monetary and equitable relief.

**GENERAL DENIAL**

Except as expressly admitted above, Motorola denies each and every allegation of the Complaint.

*II.*

**DEFENSES**

**FIRST DEFENSE: FAILURE TO STATE A CLAIM**

1. The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE: NONINFRINGEMENT**

2. Motorola has not infringed, and does not infringe, any claim of any Asserted Patent, literally or under the doctrine of equivalents, willfully or otherwise.

**THIRD DEFENSE: INVALIDITY**

3. Each claim of every Asserted Patent is invalid under 35 U.S.C. 101, 102, 103, 112, 116, 256, and/or under any invalidity defense authorized under Title 35 of the United States Code and 35 U.S.C. § 282(b).

**FOURTH DEFENSE: FAILURE TO MARK**

4. SEL's claims for relief are barred, in whole or in part, by the failure of SEL, its predecessor(s)-in-interest, and or its licensees or authorized sellers to comply with the marking and/or notice provisions of 35 U.S.C. § 287.

**FIFTH DEFENSE: PROSECUTION HISTORY ESTOPPEL**

5. By reason of admissions, arguments, and/or amendments made by or on behalf of the applicant(s) during proceedings in the U.S. Patent and Trademark Office during prosecution of each of the applications that resulted in the Asserted Patents, or in proceedings of related patents and/or during post-grant proceedings of the Asserted patents or related patents, SEL is estopped, in whole or in part, from construing any claim of the Asserted Patents to include any accused product or method under the doctrine of prosecution history estoppel.

**SIXTH DEFENSE: DISAVOWAL OF CLAIM SCOPE**

6. By reason of admissions, arguments, and/or amendments made by or on behalf of

the applicant(s) during proceedings in the U.S. Patent and Trademark Office during prosecution of each of the applications that resulted in the Asserted Patents, or in proceedings of related patents and/or during post-grant proceedings of the Asserted patents or related patents, SEL is estopped, in whole or in part, from construing any claim of the Asserted Patents to include any accused product or method under the doctrine of disavowal of claim scope.

### SEVENTH DEFENSE: LIMITATION ON DAMAGES AND COSTS

7. SEL's claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and 287. SEL's recovery of costs is limited by 35 U.S.C. § 288.

### EIGHTH DEFENSE: ESTOPPEL AND WAIVER

8. SEL's claims for relief are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

### NINTH DEFENSE: DISCLOSURE DEDICATION

9. SEL has dedicated to the public all methods, apparatuses, and products disclosed in the Asserted Patents, but not literally claimed, and is estopped from claiming infringement by any such public domain methods, apparatuses, or products.

### RESERVATION OF DEFENSES

10. Motorola reserves all defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United State, and/or at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

### III.
### COUNTERCLAIMS

Motorola Mobility LLC ("Motorola") hereby pleads the following counterclaims against SEL, and alleges as follows:

### PARTIES

1. According to the Complaint, Semiconductor Energy Laboratory Co., Ltd. ("SEL") is a Japan-based research and development company, and has a regular and established place of business at 398 Hase, Atsugi-shi, Kanagawa, 243-0036, Japan. Dkt. No. 1 at ¶ 5.

2. SEL filed its Complaint against Motorola, BOE Technology Group Co., Ltd, and

BOE Technology America, Inc. *See* Dkt. No. 1.

3. Motorola is incorporated in Delaware and has its principal place of business at 222 W. Merchandize Mart Plaza, Suite 1800, Chicago, Illinois, 60654.

## JURISDICTION AND VENUE

4. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

5. Subject to Motorola's defenses and denials, this Court has subject matter jurisdiction over Motorola's counterclaims under 28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201, and/or 2202.

6. The amount in controversy under SEL's claims and these counterclaims exceeds the sum or value of $75,000, exclusive of interests and costs. These counterclaims are between citizens of different States and citizens or subjects of a foreign state.

7. These counterclaims are so related to each other and to SEL's claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. The Court has personal jurisdiction over SEL in this action at least because SEL has consented to the jurisdiction of this Court by filing its Complaint here, in response to which these counterclaims are asserted. Additionally, SEL contends that this Court has jurisdiction.

9. Subject to Motorola's defenses and denials, venue is proper in this juridical district under 28 U.S.C. §§ 1391 and 1400, at least because SEL has consented to the propriety of venue in this Court by filing its Complaint here, in response to which these counterclaims are asserted. Additionally, SEL contends that venue is proper here.

## FACTUAL BACKGROUND

10. In its Complaint, SEL asserts that defendants including Motorola infringe U.S. Patent Nos. 7,372,199 ("the '199 patent"), 8,618,732 ("the '732 patent"), 9,208,717 ("the '717 patent"), and 9,825,059 ("the '059 patent."). *See* Dkt. No. 1. These patents are referred to collectively as "the Asserted Patents."

11. Motorola does not infringe any valid and enforceable claim of any of the Asserted Patents. Consequently, there is an actual case or controversy between the parties over the

Asserted Patents and Motorola's counterclaims and defenses.

**COUNT I: DECLARATORY JUDGEMENT OF NONINFRINGEMENT**

12. Motorola realleges and incorporates by reference the allegations in the preceding paragraphs in its Counterclaims.

13. An actual and justiciable controversy exists between Motorola and SEL with respect to the Asserted Patents because SEL has brought this action against Motorola alleging that Motorola infringes such patents, which allegation Motorola denies. Absent a declaration of noninfringement, SEL will continue to wrongfully assert the Asserted patents against Motorola and thereby cause Motorola irreparably injury and damage.

14. Motorola has not infringed and does not infringe any claim of any Asserted Patent, literally or under the doctrine of equivalents, willfully or otherwise. Motorola is entitled to a declaration to that effect.

15. This is an exceptional case entitling Motorola to an award of costs and attorneys' fees incurred in connection with this action under 35 U.S.C. § 285, at least because SEL filed the Complaint with knowledge of the facts stated in this Counterclaim and in Motorola's defenses.

**COUNT II: DECLARATORY JUDGEMENT OF INVALIDITY**

16. Motorola realleges and incorporates by reference the allegations in the preceding paragraphs in its Counterclaims.

17. An actual and justiciable controversy exists between Motorola and SEL with respect to the Asserted Patents because SEL has brought this action against Motorola alleging that Motorola infringes such patents, which allegation Motorola denies. Absent a declaration of noninfringement, SEL will continue to wrongfully assert the Asserted patents against Motorola and thereby cause Motorola irreparably injury and damage

18. All claims of each Asserted Patent are invalid under 35 U.S.C. 101, 102, 103, 112, 116, 256, and/or under any invalidity defense authorized under Title 35 of the United States Code and 35 U.S.C. § 282(b). Motorola is entitled to a declaration to that effect.

19. This is an exceptional case entitling Motorola to an award of costs and attorneys' fees incurred in connection with this action under 35 U.S.C. § 285, at least because SEL filed the

Complaint with knowledge of the facts stated in this Counterclaim and in Motorola's defenses

**PRAYER FOR RELIEF**

20. Wherefore, Motorola respectfully requests that judgment be entered in its favor and against SEL as follows:

    a. That SEL take nothing by way of its Complaint;

    b. That judgment be entered in favor of Motorola and that SEL's Complaint be dismissed with prejudice;

    c. That judgment be entered declaring that Motorola has not infringed and does not infringe any claim of the Asserted Patents, literally or under the doctrine of equivalents, willfully or otherwise;

    d. That judgment be entered declaring all claims of the Asserted Patents invalid;

    e. That judgment be entered declaring the SEL is not entitled to damages for alleged infringement of any of the Asserted Patents;

    f. That judgment be entered declaring that SEL is not entitled to injunctive relief for alleged infringement of any of the Asserted Patents;

    g. That this case be declared exceptional and judgment be entered awarding Motorola its reasonable attorneys' fees and all of its taxable and non-taxable costs; and

    h. Such other and further relief as the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

21. Pursuant to Federal Rule of Civil Procedure 38, Motorola demands a trial by jury on all issues triable of right by a jury.

| | | |
|---|---|---|
| 1 | DATED: October 16, 2020 | Respectfully submitted, |
| 2 | | KILPATRICK TOWNSEND & STOCKTON LLP |

By: */s/ Kristopher L. Reed*
KRISTOPHER L. REED
kreed@kilpatricktownsend.com
Suite 600, 1400 Wewatta Street
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321

STEVEN D. MOORE (Bar No. 290875)
smoore@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

RICHARD W. GOLDSTUCKER (admitted *pro hac vice*)
rgoldstucker@kilpatricktownsend.com
1100 Peachtree St. NE, Ste. 2800
Atlanta, GA 30309
Telephone: (404) 815-6073
FACSIMILE: (404) 815-6555

Attorneys for Defendant Motorola Mobility LLC