David M. Barkan (CA 160825)
barkan@fr.com
Bryan K. Basso (CA 278973)
basso@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070 / Fax: (650) 839-5071

Kevin K. Su (*Pro Hac Vice*)
su@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02110
Tel: (617) 542-5070 / Fax: (617) 542-8906

Christina D. Brown-Marshall (CA 280552)
brown-marshall@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Plaintiff
SEMICONDUCTOR ENERGY LABORATORY CO., LTD.

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SEMICONDUCTOR ENERGY LABORATORY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>BOE TECHNOLOGY GROUP CO., LTD., BOE TECHNOLOGY AMERICA, INC., and MOTOROLA MOBILITY LLC,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:20-cv-04297-EMC<br><br>**SEMICONDUCTOR ENERGY LABORATORY CO., LTD.'S ANSWER TO MOTOROLA MOBILITY LLC'S COUNTERCLAIMS**<br><br>JURY TRIAL DEMANDED |

Plaintiff/Counterclaim Defendant, Semiconductor Energy Laboratory Co., Ltd. ("SEL") hereby submits its Answer to Defendant/Counterclaimant, Motorola Mobility LLC's ("Motorola") Counterclaims.

**PARTIES**

1. Admitted.

2. Admitted.

3. SEL admits that Motorola purports that it is incorporated in Delaware and has its principal place of business at 222 W. Merchandize Mart Plaza, Suite 1800, Chicago, Illinois, 60654.

**JURISDICTION AND VENUE**

4. SEL admits that Motorola purports to set forth counterclaims under 35 U.S.C. § 1 *et seq*. Except as expressly admitted herein, SEL denies each and every allegation contained in Paragraph 4.

5. SEL admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, and 1338(a). Except as expressly admitted herein, SEL denies each and every allegation contained in Paragraph 5.

6. SEL admits that the amount in controversy under SEL's claims exceeds the sum or value of $75,000, exclusive of interests and costs. SEL admits that it is based in Japan. Except as expressly admitted herein, SEL denies each and every allegation contained in Paragraph 6.

7. SEL admits that Motorola purports that its Counterclaims are so related to each other and to SEL's claims that they form part of the same case or controversy under Article III of the United States Constitution. Except as expressly admitted herein, SEL denies each and every allegation contained in Paragraph 7.

8. SEL admits that this Court has personal jurisdiction over SEL for the purposes of this lawsuit only. Except as expressly admitted herein, SEL denies each and every allegation contained in Paragraph 8.

9. SEL admits that venue is proper in this Court under 28 U.S.C. §§ 1391(b), 1391(c) and 1400 for the purposes of this lawsuit only. Except as expressly admitted herein, SEL denies each and every allegation contained in Paragraph 9.

## FACTUAL BACKGROUND

10. Admitted.

11. SEL denies that Motorola does not infringe any valid and enforceable claim of any of the Asserted Patents. SEL admits that Motorola alleges an actual case or controversy between the parties over the Asserted Patents and Motorola's counterclaims and defenses. Except as expressly admitted herein, SEL denies each and every allegation contained in Paragraph 11.

## COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT

12. SEL realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

13. SEL admits that an actual and justiciable controversy exists between Motorola and SEL with respect to the Asserted Patents and that SEL has brought this action against Motorola to protect its rights and investments in its innovations embodied in the Asserted Patents used by Motorola in its infringing products. Except as expressly admitted herein, SEL denies each and every allegation contained in Paragraph 13.

14. SEL denies each and every allegation contained in Paragraph 14.

15. SEL denies each and every allegation contained in Paragraph 15.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY

16. SEL realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

17. SEL admits that an actual and justiciable controversy exists between Motorola and SEL with respect to the Asserted Patents and that SEL has brought this action against Motorola to protect its rights and investments in its innovations embodied in the Asserted Patents used by Motorola in its infringing products. Except as expressly admitted herein, SEL denies each and every allegation contained in Paragraph 17.

18. SEL denies each and every allegation contained in Paragraph 18.

19. SEL denies each and every allegation contained in Paragraph 19.

**PRAYER FOR RELIEF**

20. SEL denies that Motorola is entitled to any relief, and specifically denies the allegations and requests for relief set forth in Paragraph 20 under the heading "PRAYER FOR RELIEF" in the Counterclaims.

**DEMAND FOR JURY TRIAL**

21. SEL admits that Motorola demands a trial by jury on all issues triable of right by a jury.

Dated: November 6, 2020            FISH & RICHARDSON P.C.

By: */s/ David M. Barkan*
    David M. Barkan

Attorneys for Plaintiff/Counterclaim Defendant,
SEMICONDUCTOR ENERGY
LABORATORY CO., LTD.

*Additional counsel*

Markus D. Weyde (CA 285956)
weyde@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130-2981
Tel: (858) 678-4351 / Fax: (858) 678-5099